Ruffin, C. J.
 

 Without adverting to the state of the
 
 *51
 
 pleadings, the Court is of opinion that the judgment should be affirmed, because, upon the facts stated, the merits are for the plaintiff. The general rule is, that for a cause of action, i • i i ■ , ,. . , , . , which has arisen wholly in the executor’s own time, he is to sueinhisovvn name, without callinghimselfexecntor. It follows, that, upon the death of the executor, the action survives to his representative, and not to the representative of his.testator. But to ihe rule certain exceptions have been established. They were stated and sufficiently discussed in the case of
 
 Eure
 
 v
 
 Eure,
 
 3 Dev. 206. It is admitted, that for a debt due the testator, executors may take bills or notes in their official character, and declare on them as given to the executors
 
 as such.
 
 And in the case cited it was held, that, where an executor sold property, according to the act of 1794, on credit, and took a bond for the price, payable to him as executor, and died without collecting the money or appropriating the bond, an action might be maintained on it by the administrator
 
 de bonis non
 
 of the testator. From that decision we have no inclination in any case, and there is no necessity in this case, to depart. For, although it proba* bly gave rise to the defendant’s objection,-it.does not support it. It is manifest, that it and every case, .in which an exception to the general principle has been admitted, proceed on the ground, that the executor meant to take and hold the security in his representative character, and that no injustice would arise from so treating the transactions. Such may be the presumption, when a single executor, in the due course of administration, takes a bill, note or bond payable to himself as executor; and so, likewise, if there be two or more executors and the security be taken to them all, either by the general description of their office, or
 
 nominatim
 
 and as executors. But it never can be presumed or admitted, when one of two or more executors, upon a transaction of his own, though in a matter touching his office, as in taking security for a previous debt or for the price of a chattel sold, takes a bond, payable, not to all the executors, but to himself alone. Such a dealing with the assets is essentially a
 
 *52
 
 conversion of them, which renders the executor responsible *or ^111 J and, therefore, he holds the security taken for them
 
 proprio jure.
 
 Though called executor in the bond, jie jg not entitled to it
 
 virtute
 
 officii, for he does not fill the office, but others are also in it, who are not named nor described in the bond, and for that reason cannot sue on it. And this is true
 
 a
 
 fortiori, when one who is an executor, gives hi.s bond to another, who is also an executor. It is absurd to suppose an intention, that it should operate as a bond to the executors as such ; which would be at once tp extinguish it. On the- contrary, the object must have been to bind one of these parties personally to the other personally ; and it is obvious, that it was just it should beso. If an executor, who h.as the money of the estate, lets it go into the hands of another executor, not for the purposes of the estate, but for the use of the latter, the former is answerable as for a
 
 devastavit,
 
 upon the insolvency of the co-ex-e.xecutor. Moreover, he, who first had the money, has no means of compelling the other to restore it to his possession, if he has the rights of an executor merely; for each executor has an equal right to hold what he gets, provided he gets it as money of the estate. Before parting from funds tp his co-executor, it was then an act of prudence, with a view to his own indemnity, and of official duty to those entitled to the estate, to provide a security, which, in case of danger, CPU Id be promptly and efficiently enforced ; and the bond of the borrowing executor to the lending executor seems very proper for that purpose. By lending the money, the one executor became immediately responsible to the estate ; and, by giving the bond, the borrowing executor became responsible to the other.
 

 The plaintiff was, therefore, entitled to recover on the'' face of the bond, and without the settlement and payment to Rives. But, though not necessary to the plaintiff’s action, that evidence displays the justice of it more distinctly ; as it was another overt act of appropriation of the bond, according to the idea of Chief Justice Henderson in
 
 Eure
 
 v
 
 Eure.
 
 It was not incompetent and injurious evidence;
 
 *53
 
 but was, at most, irrelevant and harmless, and, therefore, no ground for reversing the judgment.
 

 Per Curiam, Judgment affirmed.